

# The Attorney General of Texas

March 16, 1984

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

James B. Adams
Director
Texas Department of Public Safety
5805 N. Lamar Boulevard
Austin, Texas    78773

Opinion No. JM-138

Re:   Authority to enforce
criminal penalties pursuant
to article 6701d, V.T.C.S.,
requiring vehicle emission
inspection and maintenance
programs for vehicles regis-
tered in certain counties

Dear Colonel Adams:

You have requested an opinion regarding the parameter motor vehicle emissions inspection program required by a recent amendment to article 6701d, V.T.C.S.   You ask:

> 1.  Can the criminal penalties of the motor vehicle inspection law be enforced against a person who operates a motor vehicle which has not been inspected according to rules adopted by the Department of Public Safety (DPS)?
>
> 2.  Can such rules be limited to apply only to vehicles operated in a designated county?

Article XV of the Uniform Act Regulating Traffic on Highways, article 6701d, V.T.C.S., deals with inspection of vehicles.  Section 140 provides for compulsory inspection of designated motor vehicle equipment including the exhaust emission system.  The statute provides that the Department of Public Safety [hereafter DPS] "shall establish uniform standards of safety" as to items requiring inspection under article 6701d, section 140, 142(a), V.T.C.S.  It further provides that the DPS may adopt rules for administration and enforcement of the motor vehicle inspection requirement.  Id. §142(c).  Section 141(d) prohibits an inspection station from issuing a certificate of inspection until a vehicle is found to be

> in proper and safe condition and to comply with the uniform standards of safety, inspection rules and regulations, and laws of this state.

These requirements clearly apply to the safety inspection described in section 140(a). The legislature has explicitly required that certain equipment be inspected, leaving only the uniform standards and method of enforcement to the rulemaking power of the DPS.

The Sixty-eighth Legislature enacted Senate Bill No. 1205 to amend section 142 of article 6701d granting additional authority and responsibility to DPS by adding the following language:

> (d) The Public Safety Commission shall establish a parameter motor vehicle emissions inspection and maintenance program for vehicles registered in any county in this state which does not meet National Ambient Air Quality Standards and for which the Texas Air Control Board has adopted a resolution requesting the department to institute such a program.

> (e) The Public Safety Commission shall adopt standards for inspection criteria applicable to a county in which such a program, pursuant to Subsection (d) of this section, is established.

> (f) The department may issue a unique inspection certificate for those vehicles inspected pursuant to Subsection (d) of this section.

> (g) The Public Safety Commission may establish by rule an inspection fee in addition to the fee for compulsory inspection as provided by Subsection (c) of Section 141 of this Act for those vehicles inspected pursuant to Subsection (d) of this section, and such additional fee shall not exceed $5.

> (h) A motor vehicle inspection and maintenance program instituted under this Act shall be terminated upon discontinuation of federal requirements for such action.

Acts 1983, 68th Leg., ch. 662, at 4183, 4184.

Your request raises the issue of whether the DPS has authority to adopt rules which define the criminal offense prescribed by sections 140(g) and 141(d) of article 6701(d). We understand your first question to be whether the operator of a vehicle on the highways of this state is subject to the misdemeanor provisions of section 143 if

the vehicle does not display a valid inspection certificate issued pursuant to standards established by the DPS, including those standards established pursuant to section 142(d) concerning vehicle emission controls. We hold that such criminal liability under the statute does exist.

There is a constitutional prohibition against delegation of the legislative function. Tex. Const. art. II, §1. However, it is well-established that

> a legislative body may, after declaring a policy and fixing a primary standard, confer upon executive or administrative officers the power to fill up the details, by prescribing rules and regulations to promote the purpose and spirit of the legislation and to carry it into effect.

Williams v. State, 176 S.W.2d 177, 183 (Tex. Crim. App. 1943). The legislature may not delegate the power to make a law which prescribes a penalty, but it may authorize a commission

> to prescribe duties or ascertain conditions upon which an existing law may operate in imposing a penalty and in effectuating the purpose designed in enacting the law.

Tuttle v. Wood, 35 S.W.2d 1061, 1065 (Tex. Civ. App. - San Antonio 1930, writ ref'd). Thus, if the legislature in enacting Senate Bill No. 1205 has declared a policy and fixed a primary standard to serve as existing law for the imposition of a penalty, section 142(e) is a valid delegation of rulemaking authority and the parameter motor vehicle inspection and maintenance program is enforceable. We do not find the delegation to the DPS to be an impermissible delegation of legislative authority.

The legislature, not the DPS, has clearly declared that it is an offense against the laws of this state to operate a motor vehicle on the highways of the state without a valid inspection certificate issued pursuant to a required inspection. Article 6701(d) provides in sections 140(e) and (g) and 141(d) as follows:

> (e) . . . no person shall operate on the highways of the state any motor vehicle registered in this state unless a valid certificate of inspection is displayed thereon as required by this section. (Emphasis added).

> (g) Any person operating a vehicle on the highways of this state . . . in violation of the

> provisions of this Act, or without displaying the <u>valid</u> inspection certificate . . . is guilty of a misdemeanor . . . .
>
> (d) . . . No person shall display or cause or permit to be displayed any inspection certificate knowing the same to be . . . issued . . . without the <u>required</u> inspection having been made. (Emphasis added).

The legislature specifically identified the equipment on a motor vehicle which must be inspected. <u>See</u> §140(a). That equipment includes the exhaust emission system. Furthermore, the legislature has specifically provided that only those items of equipment identified in section 140 can be inspected as a prerequisite for the issuance of an inspection certificate. <u>Id.</u>

Prior to the adoption of Senate Bill No. 1205, section 142 required the DPS to establish <u>uniform</u> standards with respect to the motor vehicle equipment, including an exhaust emission system, required to be inspected by section 140. Section 142(c) gave the DPS authority to adopt rules necessary for administration and enforcement of the vehicle inspection program. Senate Bill No. 1205, amending section 142, was an expansion of the DPS's responsibility and authority. Senate Bill No. 1205 requires the DPS to establish a "parameter" motor vehicle inspection and maintenance program for vehicles registered in certain counties which had particularly grievous air quality problems.

We find that the legislature has sufficiently defined the conduct which is subject to the misdemeanor provisions of section 143, and that the powers given to the DPS to adopt uniform standards for vehicle equipment pursuant to section 142(a) and unique standards for particular areas under 142(d) are not an impermissible delegation of legislative function.

Your second question asks whether DPS rules defining the standard to be applied in vehicle inspections may be limited to vehicles <u>operated</u> in a designated county. Prior to amendment by Senate Bill No. 1205, section 142 required that inspection standards be uniform. Senate Bill No. 1205 authorized the DPS to establish unique standards concerning vehicle emissions and issue a unique inspection certificate for vehicles registered in a particular county with severe air pollution problems. We find that rules which apply to vehicles operated in such counties, but not registered therein, would exceed the authority granted by Senate Bill No. 1205.

However, rules which apply solely to vehicles which are both registered in and operated in such county may be permissible. In

construing statutes, courts look diligently for the intent of the legislature, keeping in view at all times the old law, the evil, and the remedy. If the department finds that vehicles registered in a county with air pollution problems but not operated in that county would not contribute to the evil to be remedied, it may exclude such vehicles from the unique testing program required by Senate Bill No. 1205.

## S U M M A R Y

The Department of Public Safety may enforce criminal penalties against a person who operates a motor vehicle which has not been inspected according to rules adopted pursuant to Senate Bill No. 1205 of the Sixty-eighth Legislature. The rules may be limited to apply only to vehicles registered and operated in designated counties.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Jim Mathews
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Jim Mathews
Jim Moellinger
Nancy Sutton